Case.net 25-SI-CC08321 - KEVIN RUFO V WALTER M BRAUER, III (E-CASE) - Docket Entries

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ⌄

**09/02/2025**

> **Note to Clerk eFiling**
>
> **Filed By:** DILLON MATTHEW BORRI
> **Summ Req-Circ Pers Serv O/S**
> Non-Service of Summons.
> **Filed By:** DILLON MATTHEW BORRI
> **On Behalf Of:** KEVIN RUFO

**08/28/2025**

> **Entry of Appearance Filed**
> Agreed Substitution.
> **Filed By:** DILLON MATTHEW BORRI
> **On Behalf Of:** KEVIN RUFO

**08/26/2025**

> **Note to Clerk eFiling**
>
> **Filed By:** DILLON MATTHEW BORRI
> **Alias Summons Requested**
> Alias Summons.
> **Filed By:** DILLON MATTHEW BORRI

**07/29/2025**

> **Pet Filed in Circuit Ct**
> First Amended Petition for Breach of Contract.
> **Filed By:** DILLON MATTHEW BORRI
> **On Behalf Of:** KEVIN RUFO
> **Summ Issd- Circ Pers Serv O/S**
> Document ID: 25-SMOS-1166, for BRAUER, III, WALTER Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**07/25/2025**

> **Judge Assigned**
> DIV 3
> **Filing Info Sheet eFiling**
>
> **Filed By:** DILLON MATTHEW BORRI
> **Summons Req-Reg/Cert Mail**
> Summons Issued.
> **Filed By:** DILLON MATTHEW BORRI
> **On Behalf Of:** KEVIN RUFO
> **Entry of Appearance Filed**
> Entry of Appearance.
> **Filed By:** DILLON MATTHEW BORRI
> **On Behalf Of:** KEVIN RUFO
> **Pet Filed in Circuit Ct**
> Petition for Breach of Contract.
> **Filed By:** DILLON MATTHEW BORRI
> **On Behalf Of:** KEVIN RUFO

Exhibit

1

exhibitsticker.com

**25SL-CC08121**

Electronically Filed - St Louis County - July 25, 2025 - 09:29 AM

**IN THE CIRCUIT COURT OF THE
21ST JUDICIAL CIRCUIT
ST. LOUIS COUNTY, MISSOURI**

KEVIN RUFO )
         )
         Plaintiff, )         Cause No._____
         )
v. )
         )
WALTER M. BRAUER III )
         6810 Riverview Blvd., )
         Bradenton, FL 34209 )         Division No. _____
         )
         Defendant. )

**PETITION FOR BREACH OF CONTRACT**

COME NOW, Plaintiff, KEVIN RUFO, by and through his attorneys, MillerKing LLC, and for his PETITION against Defendant, WALTER M. BRAUER III, state as follows:

**JURISDICTION AND VENUE**

1.       Plaintiff, Kevin Rufo (hereinafter "Kevin"), resides at 105 Lake Drive, Alton, Illinois 62002.

2.       Defendant, Walter M. Brauer III (hereinafter "Walter") resides at 6810 Riverview Blvd., Bradenton, FL 34209.

3.       The majority of actions, omissions, and misrepresentations described herein below occurred in the State of Missouri.

4.       As a result of the foregoing, jurisdiction and venue over the matters described in this Petition are proper in the 21st Judicial Circuit of St. Louis County, Missouri.

**FACTS COMMON TO ALL COUNTS**

5.       On or about October 6, 2016, Kevin entered into an employment agreement with Freight Solutions.

Electronically Filed - St Louis County - July 25, 2025 - 09:29 AM

6. At that time, Walter was the President and Owner of Freight Solutions and other related affiliates.

7. In February 2021, eShipping, LLC, purchased the assets and otherwise assumed ownership of Freight Solutions.

8. The acquisition was contingent on Kevin signing (1) an employment agreement, and (2) a Confidentiality, Nondisparagement, Noncompete, and Developments Agreement with eShipping, LLC.

9. Walter begged Kevin to sign both documents with eShipping, LLC, so he could sell Freight Solutions.

10. The consultant who was handling the acquisition, Mike Bloss, also encouraged Kevin to sign both documents with eShipping, LLC, so the transaction could go through.

11. Kevin signed both the employment agreement and the Confidentiality, Nondisparagment, Noncompete, and Developments Agreement with eShipping, LLC.

12. As a result of Kevin signing both agreements, Walter was able to sell his company and achieve financial success.

13. That eShipping, LLC, would not have purchased Freight Solutions from Walter if Kevin had not signed both agreements.

14. The employment agreement between Kevin and eShipping, LLC, was for an initial term of four (4) years, after which, eShipping, LLC, had the right to renew Kevin's employment for successive one (1) year terms.

15. The employment agreement between Kevin and eShipping, LLC, further provided that, in the event eShipping, LLC, did not renew Kevin's employment contract, Kevin could not work in the same industry as eShipping for twelve (12) months, which is more particularly

Electronically Filed - St Louis County - July 25, 2025 - 09:29 AM

described in the Confidentiality, Nondisparagment, Noncompete, and Developments Agreement (hereinafter referred to as "Noncompete Agreement"). *See* Noncompete Agreement, attached hereto as **Exhibit 1**.

16.     As a result of the Noncompete Agreement, Kevin and Walter entered into an agreement where Walter agreed to pay Kevin $207,000.00 in the event (1) Kevin executed the two (2) employment agreements with eShipping, LLC; (2) Kevin provides Walter written notice when the non-compete period commences; and (3) Kevin's employment with eShipping, LLC, was not terminated for "cause" or terminated voluntarily by Kevin. *See* Agreement between Kevin and Walter, attached hereto as **Exhibit 2**.

17.     On September 19, 2024, eShipping, LLC, notified Kevin they would not be renewing his employment for a successive one (1) year term and that his employment would terminate February 1, 2025.

18.     On February 2, 2025, and continuing for a period of twelve (12) months, Kevin is unable to work in the same industry as eShipping, LLC, as outlined in the Noncompete Agreement.

19.     All conditions outlined in the agreement between Kevin and Walter attached as **Exhibit 2** have been satisfied.

20.     Therefore, payment in the amount of $207,000.00 is due and owed from Walter to Kevin.

21.     On February 4, 2025, Kevin, through legal counsel, notified Walter and Walter's legal representation at the time the agreement was entered, in writing by certified mail and email, that payment under the agreement attached as **Exhibit 2** was due.

22.     To date, Walter has failed to issue payment and is in breach of the agreement attached as **Exhibit 2**.

Electronically Filed - St Louis County - July 25, 2025 - 09:29 AM

**BREACH OF CONTRACT**

23.     The Plaintiff restates and incorporates paragraphs 1-20 of the Facts Common to All Counts as if fully set forth herein.

24.     The Plaintiff performed and complied with all requirements set forth in the contract attached as **Exhibit 2**.

25.     The Defendant has failed to issue payment.

26.     The failure of the Defendant to issue payment to the Plaintiff is a material breach of the contract.

27.     As a result of the Defendant's breach of contract, the Plaintiff is left without working in the same industry as eShipping, LLC, which is more specifically detailed in the Noncompete Agreement,  during the twelve (12) month noncompete period and has suffered damages.

WHEREFORE, the Plaintiff, Kevin Rufo, respectfully requests judgment against the Defendant, Walter M. Brauer III, as follows:

A.     For Judgment against Defendant for Breach of Contract in the principal amount of $207,000.00, plus attorney's fees and costs, with prejudgment interest on the principal amount owed at the highest rate allowed by law and post-judgment interest on the entire judgment amount at the highest-rate allowed by law; and

B.     For such other and further relief that the Court deems just and proper.

/s/ Dillon M. Borri
DILLON M. BORRI,
MillerKing LLC
#75167
2410 State Street
Alton, IL 62002
Phone: 618-462-8405
dillon@millerkinglaw.com

Page **4** of **5**

Electronically Filed - St Louis County - July 25, 2025 - 09:29 AM

## <u>VERIFICATION BY CERTIFICATION</u>

Under penalties as provided by law pursuant to Rule 103.7, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to those matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/ verily believes the same to be true.


Dated:  _____                    _____
                                                                                  KEVIN RUFO


MillerKing LLC
2410 State Street
Alton, Illinois 62002
(618) 462-8405

25SL-CC08121

Electronically Filed - St Louis County - July 25, 2025 - 09:29 AM

**IN THE CIRCUIT COURT OF THE**
**21ST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| KEVIN RUFO | ) | |
| | ) | |
| Plaintiff, | ) | Cause No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| WALTER M. BRAUER III | ) | |
| 6810 Riverview Blvd., | ) | |
| Bradenton, FL 34209 | ) | Division No. _____ |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Dillon M. Borri of Miller King LLC and enters his appearance on behalf of the Petitioner, KEVIN RUFO, in the above-entitled cause.

_____/s/ *Dillon M. Borri*_____
DILLON M. BORRI, #75167


MillerKing
2410 State Street
Alton, IL 62002
Phone: 618-462-8405
dillon@millerkinglaw.com

**25SL-CC08121**

Electronically Filed - St Louis County - July 25, 2025 - 09:29 AM

## IN THE CIRCUIT COURT OF THE
## 21ST JUDICIAL CIRCUIT
## ST. LOUIS COUNTY, MISSOURI

KEVIN RUFO                          )
                                    )
    Plaintiff,                   )        Cause No._____
                                    )
v.                                  )
                                    )
WALTER M. BRAUER III                )
    6810 Riverview Blvd.,        )
    Bradenton, FL 34209          )        Division No. _____
                                    )
    Defendant.                   )

## SUMMONS

**TO:**   **Walter M. Brauer III**
       **6810 Riverview Blvd.**
       **Bradenton, FL 34209**

    **YOU ARE HEREBY SUMMONED** and required to file an answer to the Complaint in this case, a copy of which is attached hereto, or otherwise file your appearance, in the office of the Circuit Clerk of the Court, St. Louis County Courthouse, St. Louis, Missouri 63101 within 30 days after service of this Summons, whichever date is first, exclusive of the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

    **To the Officer:** This summons must be returned by the officer, private process server, or other person to whom it was given for service with endorsement of service and fees, if any, immediately after service, and not less than three (3) days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

**Date of Service**

_____

_____

**TO BE INSERTED BY OFFICER ON COPY LEFT
WITH DEFENDANT OR OTHER PERSON**

**Plaintiff's Attorneys:**
MillerKing LLC
Dillon M. Borri, #6338745
2410 State Street
Alton, IL 62002
Office: 618-462-8405

**Witness:**

_____, Clerk of the Circuit Court, St. Louis County, Missouri and the seal thereof,

**Date:**_____

Case Number: 2025-___-_____

P a g e

1 of 3 |

Electronically Filed - St Louis County - July 25, 2025 - 09:29 AM

Facsimile: 618-433-9918

*Dillon@MillerKingLaw.com*

**Deputy Clerk:**_____

## SHERIFF'S FEES

Service and Return……………………………………………………… $_____

Miles _____ ...……………………………………………….. $_____

**TOTAL**……………………………………………….................. $_____

**Sheriff of** _____County

**By:** _____, Deputy    **Badge No.:**_____

## SHERIFF'S RETURN

**I certify that I served this summons and Complaint on Defendant as follows:**

☐     (Individual – **Personal**):
By leaving a copy with each individual as follows:_____

☐     (Individual – **Abode**):
By leaving a copy at the usual place of abode for each individual with a member of the family, of the age of 13 years or upwards, informing that person of the contents of the Summons, and also by sending a copy of the Summons and the Complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode as follows:

_____

☐     (Corporation):
By leaving a copy with the Registered Agent, officer or agent of the corporation as follows:

_____

☐     (Other Service): _____

☐     (**Unable to Serve**): _____

_____

Name of Defendant/Respondent:_____

Name of Person Summons Given to: _____

Sex:_____        Race:_____        Approx. Age_____

Case Number: 2025-____-_____                                    2 of 3 |

P a g e

Place of Service:_____


City, State:_____

Date of Service:_____    Time of Service:_____

Date of Mailing:_____


**Space Left Intentionally Blank**

Case Number: 2025-____-_____                                                          3 of 3 |

Electronically Filed - St Louis County - July 25, 2025 - 09:29 AM

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

**IN THE CIRCUIT COURT OF THE**
**21ST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| KEVIN RUFO | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.25SL-CC08121 |
| | ) | |
| v. | ) | |
| | ) | |
| WALTER M. BRAUER III | ) | |
| 6810 Riverview Blvd., | ) | |
| Bradenton, FL 34209 | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED PETITION FOR BREACH OF CONTRACT**

COME NOW, Plaintiff, KEVIN RUFO, by and through his attorneys, MillerKing LLC, and for his PETITION against Defendant, WALTER M. BRAUER III, state as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff, Kevin Rufo (hereinafter "Kevin"), resides at 105 Lake Drive, Alton, Illinois 62002.

2.      Defendant, Walter M. Brauer III (hereinafter "Walter") resides at 6810 Riverview Blvd., Bradenton, FL 34209.

3.      The majority of actions, omissions, and misrepresentations described herein below occurred in the State of Missouri.

4.      As a result of the foregoing, jurisdiction and venue over the matters described in this Petition are proper in the 21st Judicial Circuit of St. Louis County, Missouri.

**FACTS COMMON TO ALL COUNTS**

5.      On or about October 6, 2016, Kevin entered into an employment agreement with Freight Solutions.

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

6.     At that time, Walter was the President and Owner of Freight Solutions and other related affiliates.

7.     In February 2021, eShipping, LLC, purchased the assets and otherwise assumed ownership of Freight Solutions.

8.     The acquisition was contingent on Kevin signing (1) an employment agreement, and (2) a Confidentiality, Nondisparagement, Noncompete, and Developments Agreement with eShipping, LLC.

9.     Walter begged Kevin to sign both documents with eShipping, LLC, so he could sell Freight Solutions.

10.    The consultant who was handling the acquisition, Mike Bloss, also encouraged Kevin to sign both documents with eShipping, LLC, so the transaction could go through.

11.    Kevin signed both the employment agreement and the Confidentiality, Nondisparagment, Noncompete, and Developments Agreement with eShipping, LLC.

12.    As a result of Kevin signing both agreements, Walter was able to sell his company and achieve financial success.

13.    That eShipping, LLC, would not have purchased Freight Solutions from Walter if Kevin had not signed both agreements.

14.    The employment agreement between Kevin and eShipping, LLC, was for an initial term of four (4) years, after which, eShipping, LLC, had the right to renew Kevin's employment for successive one (1) year terms.

15.    The employment agreement between Kevin and eShipping, LLC, further provided that, in the event eShipping, LLC, did not renew Kevin's employment contract, Kevin could not work in the same industry as eShipping for twelve (12) months, which is more particularly

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

described in the Confidentiality, Nondisparagment, Noncompete, and Developments Agreement (hereinafter referred to as "Noncompete Agreement"). *See* Noncompete Agreement, attached hereto as **Exhibit 1**.

16.    As a result of the Noncompete Agreement, Kevin and Walter entered into an agreement where Walter agreed to pay Kevin $207,000.00 in the event (1) Kevin executed the two (2) employment agreements with eShipping, LLC; (2) Kevin provides Walter written notice when the non-compete period commences; and (3) Kevin's employment with eShipping, LLC, was not terminated for "cause" or terminated voluntarily by Kevin. *See* Agreement between Kevin and Walter, attached hereto as **Exhibit 2**.

17.    On September 19, 2024, eShipping, LLC, notified Kevin they would not be renewing his employment for a successive one (1) year term and that his employment would terminate February 1, 2025.

18.    On February 2, 2025, and continuing for a period of twelve (12) months, Kevin is unable to work in the same industry as eShipping, LLC, as outlined in the Noncompete Agreement.

19.    All conditions outlined in the agreement between Kevin and Walter attached as **Exhibit 2** have been satisfied.

20.    Therefore, payment in the amount of $207,000.00 is due and owed from Walter to Kevin.

21.    On February 4, 2025, Kevin, through legal counsel, notified Walter and Walter's legal representation at the time the agreement was entered, in writing by certified mail and email, that payment under the agreement attached as **Exhibit 2** was due.

22.    To date, Walter has failed to issue payment and is in breach of the agreement attached as **Exhibit 2**.

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

## BREACH OF CONTRACT

23.    The Plaintiff restates and incorporates paragraphs 1-20 of the Facts Common to All Counts as if fully set forth herein.

24.    The Plaintiff performed and complied with all requirements set forth in the contract attached as **Exhibit 2**.

25.    The Defendant has failed to issue payment.

26.    The failure of the Defendant to issue payment to the Plaintiff is a material breach of the contract.

27.    As a result of the Defendant's breach of contract, the Plaintiff is left without working in the same industry as eShipping, LLC, which is more specifically detailed in the Noncompete Agreement,  during the twelve (12) month noncompete period and has suffered damages.

WHEREFORE, the Plaintiff, Kevin Rufo, respectfully requests judgment against the Defendant, Walter M. Brauer III, as follows:

A.    For Judgment against Defendant for Breach of Contract in the principal amount of $207,000.00, plus attorney's fees and costs, with prejudgment interest on the principal amount owed at the highest rate allowed by law and post-judgment interest on the entire judgment amount at the highest-rate allowed by law; and

B.    For such other and further relief that the Court deems just and proper.

/s/ Dillon M. Borri
DILLON M. BORRI,
MillerKing LLC
#75167
2410 State Street
Alton, IL 62002
Phone: 618-462-8405
dillon@millerkinglaw.com

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

MillerKing
2410 State Street
Alton, IL 62002
Phone: 618-462-8405
dillard@millerkinglaw.com

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to those matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/ verily believes the same to be true.

Dated: 7/24/25

_____
KEVIN RUFO

MillerKing LLC
2410 State Street
Alton, Illinois 62002
(618) 462-8405

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

EXECUTION VERSION

### CONFIDENTIALITY, NONDISPARAGEMENT, NONCOMPETE AND DEVELOPMENTS AGREEMENT
### ("Agreement")

The undersigned is an employee of eShipping, LLC (including all affiliates of eShipping, LLC, collectively "Company"). The undersigned is referred to as "I", "me" or other similar pronouns. The term "person" includes individuals and all types of entities.

I acknowledge to Company, and agree with Company, as follows:

(a)    My employment with Company will provide me with access to Confidential Information (as that term is defined in Schedule 1) and with valuable training, experience, skills and contacts within the Business (as that term is defined in Schedule 1) and the related industry. My use or application of any Confidential Information or of my training, experience, skills, contacts or knowledge to the detriment of Company or the Business would be highly damaging to Company and the Business. For example, Company could lose goodwill, competitive advantages, Confidential Information, referral sources, business, investors, clients, licensors, suppliers, employees and other relationships because of my actions or dealings for myself or others. Company therefore has legitimate legal and business needs and interests to prevent me from using Confidential Information or my training, experience, skills, contacts or knowledge to the detriment of Company or the Business.

(b)    I will not at any time, directly or indirectly, use or disclose any Confidential Information for my own benefit, or take any action or fail to take any action that leads to, or that might reasonably be expected or anticipated to lead to, the use or disclosure of any Confidential Information by or to any person, except only for any uses or disclosures during the time I am employed by the Company that are within the express authority that Company may give me and that are also otherwise necessary, proper and lawful. For example, any permitted disclosure of any Confidential Information must be limited to responsible individuals of an authorized recipient with a bona fide need to know and limited to the portion of the Confidential Information the individual has a bona fide need to know. Also, any permitted use or disclosure of any Confidential Information must always be solely for Company's benefit. This Agreement applies to all Confidential Information, whether reviewed, received, obtained, compiled, observed, developed or prepared by me before or after the date of this Agreement. By way of confirmation, Confidential Information includes all proprietary or confidential information of FS Swansea MO, LLC or any of its predecessors (collectively, "FSS"), my prior employer, given that Company purchased the proprietary and confidential information and certain other assets and business of FSS on the date of this Agreement (in general, the "Purchase Transaction"). I do not claim any right or interest in any Confidential Information of FSS.

(c)    Company acknowledges that I may disclose Confidential Information to the extent I am expressly required to disclose such Confidential Information by court order, governmental action, legal process or by applicable law, rule or regulation. I will, however, if legally permitted to do so, first give written notice to Company and cooperate, at Company's cost and expense, in any attempt by Company to obtain a protective order or waiver or exclusion from the court or other applicable authority.

(d)    I will follow all of Company's security and other requirements and procedures regarding the access or use of Company's computers, systems or networks. My failure to do so could lead to the improper use or disclosure of Confidential Information.

(e)    I will immediately notify Company of any unauthorized use or disclosure of any Confidential Information and fully cooperate with Company to prevent any further use or disclosure.

(f)    Company reserves all rights in all Confidential Information. All Confidential Information, including any I prepare or develop, is the sole and exclusive property of Company. Any Confidential Information I prepared or developed for FSS was the sole and exclusive property of FSS. I will surrender all Confidential Information to Company upon Company's request and in all events upon the termination of my employment by Company. I will not thereafter attempt to access any Confidential Information via computer or other means.



EXHIBIT

1

tabbies

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

(g)    I will not at any time disparage Company or the Business, including via any social media. The term "disparage" includes discrediting or negative words, gestures or other actions that may damage or reflect negatively on the goodwill or reputation of Company or the Business.

(h)    I will not at any time during the Restricted Period, directly or indirectly, accept or hold any Position (as that term is defined below) with any person which has a place of business or otherwise conducts business anywhere in the United Sates and which, directly or indirectly, markets, offers, promotes, develops, provides, sells, licenses, or otherwise deals with any solutions, support, services, technology, goods, products or business that are the same or similar to, or are otherwise competitive in any way with, any included in the Business.

The term "**Position**" means any employment, consulting, independent contractor or other position or association of any nature that in any way relates to the Business, is similar to my position with Company or any services provided by me to or on behalf of Company, or that may otherwise be in any way competitive with, or adverse to, Company or the Business.

(i)    I will not at any time during the Restricted Period, directly or indirectly:

(1)    become an owner or investor in any person described in subparagraph (h) above, except that this subparagraph shall not prohibit me from owning not more than three percent (3%) of the outstanding equity of any entity where such equity is traded on a national securities exchange, so long as neither I nor any of my family or affiliates are an employee or a director, manager or other governing board member of the entity in question; or

(2)    solicit or contact any Contact for purposes of offering any solutions, support, services, technology, goods, products or business that are the same or similar to, or are otherwise competitive in any way with, any included in the Business, or to advise or encourage any Contact to change or discontinue any agreement or relationship with the Company, including reducing the relationship; or

(3)    sell or otherwise provide to any Contact any solutions, support, services, technology, goods, products or business that are the same or similar to, or are otherwise competitive in any way with, any included in the Business, or cause any Contact to change or discontinue any agreement or relationship with the Company, including reducing the relationship; or

(4)    solicit or contact any employee, agent or independent contractor of Company for purposes of employing or otherwise retaining such employee, agent or independent contractor, or employ or otherwise retain any such employee, agent or independent contractor in any capacity, excepting only any such employees, agents or independent contractors whose employment or engagement by Company was terminated at least 12 months prior to my solicitation or contacting of, or employment or engagement of, such employee, agent or independent contractor.

(j)    If authorized by Company, I may at times use Company's information, solutions, support, services, technology, equipment, goods, products, supplies, facilities, technical help or other assets, properties or various forms of assistance to develop or assist in developing ideas, concepts, know how, discoveries, developments, inventions, innovations, processes, procedures, designs, methods, products, goods, services, solutions, equipment, technology, software (object code and source code), works of authorship, trade or service marks, trade secrets, trade dress, or other properties, and improvements, adaptations, modifications or other changes to any of the foregoing (in general, and collectively, "**Developments**"). I will notify Company of any Development. All Developments are the sole and exclusive property of Company. Company reserves all rights and benefits of ownership of every kind or nature (including patent, copyright, service mark, trademark, and trade secret), in, to or arising from any and all Developments. I will execute such further documents as Company may from time to time request, whether during or after the term of my employment with Company, in order to further evidence and effectuate Company's ownership of all Developments and any related patents, copyrights, service marks, trademarks or other rights. This Agreement does not grant me any rights in any Developments, but to the extent I have or claim to have any such rights, I hereby sell and assign all of my rights (including patent, copyright, service mark, trademark or trade secret) to Company. This Agreement applies to all Developments, whether made, conceived, developed, created, reduced to practice or otherwise arising before or after the date of this Agreement and whether or not a Development is made, conceived, developed, created or reduced to practice during performance of services for, or on the

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

premises of, Company. This Agreement also applies to all Developments with which I may have been associated with in any way for FSS.

(k)     This Agreement is for the benefit of, and is enforceable by any one or more of, Company and Company's successors and assigns. The term "Company" includes eShipping, LLC and all affiliates of eShipping, LLC. I waive notice of acceptance of this Agreement by Company.

(l)     If I breach this Agreement, Company shall have the right to a restraining order, specific performance and preliminary, temporary and permanent injunctive relief against me (without any requirement to post any bond or other form of collateral or security or to show any damages) and to recover losses, damages, attorneys' fees, court costs and other costs and expenses. An injunction or other remedy will not prevent me from earning a livelihood or work an undue hardship on me, and injunctive and other relief is necessary and appropriate to protect the legal and business needs and interests and the livelihood of Company, including the compensation and benefits payable to me by Company, Company's ongoing time, efforts, costs and expenses to manage, operate and provide the Business, and the Purchase Transaction.

(m)     This Agreement does not limit any other confidentiality, nondisclosure, nondisparagement, noncompetition or other covenants that may exist between me and Company under any employee handbook or any other agreement, by law, or otherwise. This Agreement is additional and cumulative to all such other covenants. In addition, no term or condition of this Agreement is intended to, or does, limit or restrict any other term of this Agreement, and each term of this Agreement is additional and cumulative to all other terms of this Agreement.

(n)     No amendment or waiver of this Agreement will be effective unless it is in writing and signed by me and Company. Any waiver of any provision of this Agreement by Company will not be a waiver of future compliance with that provision, and the provision will remain in full force and effect.

(o)     No failure or delay on the part of Company in exercising any right, power or remedy will operate as a waiver thereof, and any single or partial exercise of any right, power or remedy will not preclude any other or further exercise thereof or the exercise of any other right, power or remedy. The rights, powers and remedies provided in this Agreement are cumulative and are not exclusive of any rights, powers or remedies available to Company at law, in equity or otherwise.

(p)     This Agreement is reasonable and necessary and appropriate to protect the legal and business needs and interests and the livelihood of Company and the Business. No term of this Agreement is to be limited or restricted in any way by, or held by, any court or other authority to be unenforceable or invalid because of the scope of the area, actions subject thereto or restricted thereby, the time period over which such term is applicable, or otherwise. Any limitation or restriction on any of the terms of this Agreement would prevent Company from adequately protecting Company's legal and business needs and interests, and would frustrate my and Company's intent because, without limitation: (i) Company's marketing, business and operating areas include the United States; (ii) Company contemplates devoting time and resources to manage and operate, and to expand, the Business and the type, scope and quality of the solutions, support, services, technology, goods, products and business available through the Business; (iii) Company would not employ me following the Purchase Transaction and Company would not have entered into the Purchase Transaction, without this Agreement and on the terms of this Agreement; (iv) the Company would not pay me the salary or bonuses under my Employment Agreement, or agree to the Severance Payment (as the term is defined in my Employment Agreement), without this Agreement and on the terms of this Agreement; and (v) the nature of the Business is such that competitive and other activity harmful to Company and the Business can be engaged in by me regardless of my location. If, however, a term of this Agreement is still held invalid, illegal or unenforceable, in whole or in part, the remaining terms of this Agreement will not be affected and will continue to be valid and enforceable, and if any term of this Agreement is still held to be invalid, illegal or unenforceable as written, but the term would become valid, legal and enforceable if it were limited, then the term will be deemed to be written and will be construed and enforced as so limited.

(q)     This Agreement sets forth the entire agreement between me and Company with respect to the subject matters of this Agreement. This Agreement may be executed by any electronic or e-signature.

(r)     This Agreement is given by me in further consideration for my employment by Company pursuant to that certain Employment Agreement between me and the Company dated the same date as this Agreement (as it may be amended from time to time), and which Employment Agreement includes salary, bonuses and the Severance Payment. I

3

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

understand Company would not employ me without this Agreement. This Agreement does not assure me of any particular position, or any continued position, with Company.

(s)　This Agreement applies both during and after the time I am employed by Company. This Agreement shall survive and continue to apply following termination of my employment by Company, however such employment ends, whether with or without cause, and whether by me or Company.

(t)　I represent and warrant to Company that I am not bound by any agreement or understanding, whether written or oral, that in any way prohibits, limits or restricts my right or ability to perform any services or duties to or on behalf of Company, including any covenants prohibiting or limiting me from providing any services of any nature to Company, or any covenants prohibiting or limiting me from utilizing any information for the full use and benefit of Company.

(u)　I have been represented and advised by independent legal counsel or have been given the opportunity to obtain counsel. I have read this Agreement, fully understand its terms, and have voluntarily signed this Agreement upon my own knowledge, information, belief and judgment.

(v)　This Agreement shall be governed by and interpreted in accordance with the laws of the State of Missouri. Any action or proceeding in any way related to this Agreement may be brought in any United States or Missouri court sitting in Missouri. Actions or proceedings to enforce any decrees, orders, judgments, decisions or awards of such courts may be brought in any court with jurisdiction. I waive any right to a jury trial for any claim or action based on, or arising out of, this Agreement.

Name:　Kevin Rufo

Date: February 1, 2021

4

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

Schedule 1

The term "Business" means the solutions, support, services, technology, equipment, goods, products or other business, operations or activities offered, provided or engaged in by Company from time to time. The term "Business" includes the logistics, transportation, shipment, freight and other solutions, support, services, technology, goods, products or other business, operations or activities generally referred to as third party logistics or 3PL services, including less than truckload; full truckload; intermodal/rail; domestic and international air freight; ocean freight; small parcel; domestic and international mail services; negotiations with carriers; logistics and freight software and platforms; web based services; reporting, invoicing, auditing, loss and other claims services; technology and other support; and related consulting.

The term "Confidential Information" means all information in any form (including written, electronic, oral or visual) that is proprietary or confidential to Company or the Business, and whether or not the information is designated as proprietary or confidential when it is reviewed, received, obtained, observed, compiled, developed or prepared by me. "Confidential Information" includes the following information or types of information:

(a)     corporate and business information, including the existence and terms of agreements (including those between me and Company); investment, business, growth, joint venture, licensing, expansion, acquisition, disposition or merger opportunities; business plans; business projections; and other plans, strategies, tactics, policies and resolutions;

(b)     claims threatened or made by, or other disputes with, other persons;

(c)     pending or threatened mediation, arbitration, litigation or regulatory proceedings, and the status and results of those proceedings;

(d)     legal advice regarding any of the matters noted in the two preceding subparagraphs;

(e)     purchase and marketing information and methods, including fee, price and discount lists; and purchasing, sales, licensing, products or services agreements, plans, strategies or methods;

(f)     past, existing and prospective investors, clients, suppliers, vendors, licensors, licensees and distributors; past, existing and prospective investor, client, supplier, vendor, licensor, licensee or distributor lists, prospects or market research data; terms of agreements; and all other past, existing and prospective investor, client, supplier, vendor, licensor, licensee or distributor information, including contract, renewal, rate and pricing information;

(g)     all information provided by any past, existing or prospective investor, client, supplier, vendor, licensee, licensor or distributor, and the results of any analysis, processing or use of that information by Company;

(h)     financial, accounting and tax information and projections, including appraisals; financial statements; tax returns; cost and performance data; debt arrangement; financial results and condition; revenues, net income and cash flow; capital or debt needs; debt or equity structure; and investors and holdings;

(i)     services, products and operational information, including all information related to services; products; techniques; processes; procedures; systems; methods of analysis; methods of development; technology; software (both object code and source code); inventions; experimental, research or development work; and know-how;

(j)     methods and procedures for analyzing, interpreting and developing reports regarding past, existing or prospective investor, client, supplier, vendor, licensee, licensor, distributor or industry data and information;

(k)     passwords or access codes to computers and computer systems;

(l)     all trade secrets and intellectual properties;

5

Electronically Filed - ST LOUIS COUNTY - July 29, 2025 - 04:22 PM

(m)      employee, independent contractor and personnel information, including lists; resumes; personal data; organizational structure; compensation and benefits; performance evaluations; and personally identifiable or medical or health related information;

(n)      information provided to or obtained in any way by Company under any restrictions as to use, reproduction or further disclosure, including all information that is subject to any confidentiality or nondisclosure covenants imposed by any past or existing investors, clients, suppliers, vendors, licensors, licensees or distributors of Company or the Business;

(o)      all information that was proprietary or confidential to FSS, whether regarding the business or operations of FSS, which information is hereby deemed to include all of the information and types of information described above; and

(p)      all other information that if used or disclosed could be helpful to a competitor of Company or the Business or otherwise harm or reflect negatively on Company or the Business.

Notwithstanding the foregoing, the term "Confidential Information" shall not include such portion of any information that I can by written records establish (i) is or becomes publicly known through no breach of this Agreement or other act or omission by me or any other person, but in such event limited solely to that part of the information that is publicly known; (ii) becomes known to me after the effective date of the termination of my employment by Company from another person in connection with a bona fide, arms length business transaction with that person and such person has the contractual and other legal right to make an unrestricted disclosure of the information in question to me, including without a breach of this Agreement or any other agreement by me or such person; (iii) is independently developed by me after the termination of my employment by Company without any reference to, or use of (including any retained in my memory) of any Confidential Information; or (iv) is expressly approved for use or release by the prior written authorization of Company, which shall be within Company's sole discretion. It is my and Company's intent that there shall be no other exclusions or exceptions from what constitutes Confidential Information other than as expressly set forth in this paragraph, and I direct any court or other authority to not apply any other exclusions or exceptions.

Any information that is otherwise Confidential Information shall not be nonconfidential because any one or more of the individual parts or components thereof are encompassed within any one or more of the exceptions set forth in the preceding paragraph, or because the individual parts or components thereof, without being so combined, do not themselves individually constitute Confidential Information.

The term "Contact" means any person that is located in, operates out of or does business in the United States and that (i) is a supplier, client or referral source of the Company at the time in question, (ii) has been a supplier, client or referral source of the Company at any time within 12 months of the date in question, (iii) has an agreement with the Company at the time in question, or (iv) had an agreement with Company at any time within 12 months of the time in question.

The term "Restricted Period" for purposes of paragraph (h) of this Agreement means the period of time from the date of this Agreement and continuing until the date that is one (1) year following the later of (i) the effective date of the termination of my employment by the Company, or (ii) the date of the last payment of the Severance Payment. The Restricted Period shall be extended for the full period of time that I am in breach of any term of this Agreement.

The term "Restricted Period" for purposes of paragraph (i) of this Agreement means the period of time from the date of this Agreement and continuing until the date that is two (2) years following the later of (i) the effective date of the termination of my employment by the Company, or (ii) the date of the last payment of the Severance Payment. The Restricted Period shall be extended for the full period of time that I am in breach of any term of this Agreement.

10080424

# AGREEMENT

This Agreement is by and between Walter M. Brauer III and Kevin Rufo ("Kevin") whose home address is 105 Lake Drive, Alton, IL 62002, together, the Parties.

RECITALS:

1. Kevin is employed as Chief Operating Officer of FS Swansea MO, LLC dba Freight Solutions ("Freight Solutions").

2. The Parties acknowledge there is a pending transaction whereby eShipping, LLC is purchasing the assets and otherwise assuming ownership and control of the Freight Solutions business, including the hiring of certain Freight Solutions staff (the "Transaction").

3. As a key employee of Freight Solutions, eShipping, LLC has presented Kevin with an Employment Agreement (Exhibit A) and Confidentiality, Non-Disparagement and Non-Compete Agreement ("Non-Compete") (Exhibit B).

4. The Parties have discussed Kevin's concerns about the two (2) year non-compete period set forth in Exhibit B which provides that Kevin may not work in the industry occupied by eShipping, LLC during Year 1, but allows Kevin to work in the industry in Year 2 subject to certain conditions.

With the above in mind, the Parties agree as follows:

A. **Payment to Kevin.** Walter M. Brauer III will pay Kevin the sum of $207,000.00 ("Payment") upon reception of a written notice from Kevin advising that Kevin's non-compete period has commenced. The purpose of the Payment is to compensate Kevin during the first year of the non-compete period, where he is barred from working in the industry. The Parties agree Payment may come from Walter M. Brauer III or from an entity he owns or controls he so chooses.

B. **Conditions of Payment.**
   a. The Transaction closes and Kevin executes the Employment Agreement and the Non-Compete effective on the date of closing.
   b. Kevin shall give Walter M. Brauer III written notice that his two (2) year non-compete period has commenced per terms of the Employment Agreement.
   c. Kevin's termination of employment with eShipping, LLC may not be for "Cause" and may not be terminated voluntarily by Kevin, all such terms being defined as provided in the Employment Agreement.

The Parties affix their signatures below this 29th day of January, 2021.

EXHIBIT

2



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>HEATHER RENE CUNNINGHAM | Case Number:  25SL-CC08121 | |
|---|---|---|
| Plaintiff/Petitioner:<br>KEVIN RUFO<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DILLON MATTHEW BORRI<br>450 TYLER DRIVE<br>TROY, IL  62294 | |
| Defendant/Respondent:<br>WALTER BRAUER, III | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

**The State of Missouri to**: **WALTER BRAUER, III**
               **Alias:**

**6810 RIVERVIEW BLVD**
**BRADENTON, FL  34209**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

|  |  |
|---|---|
| 29-JUL-2025 | /S/ Adam Dockery |
| Date | Clerk |

**Further Information:**
AD

Case Number: 25SL-CC08121

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2. My official title is _____ of _____ County, _____ (state).

3. I have served the above Summons by: (check one)

   ☐ delivering a copy of the summons and petition to the defendant/respondent.

   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

   ☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____(title).

   ☐ other: _____.

Served at _____ (address) in _____ (County), _____ (state), on _____(date) at _____ (time).

_____     _____
Printed Name of Officer or Server                              Signature of Officer or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month), _____ (year).

*(Seal)*

I am: (check one) ☐ the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees**

Summons    $_____
Non Est    $_____
Mileage    $_____ (_____ miles @ $._____ per mile)
**Total       $_____**

See the following page for directions to officer making return on service of summons.

SJRC (12-24) SM60 (SMOS) *For Court Use Only:* **Document ID # 25-SMOS-1166** 2 of 3 25SL-CC08121)    SCR 54.06, 54.07, 54.14, and 54.20; 506.500, 506.510 RSMo

Case Number: 25SL-CC08121

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - August 26, 2025 - 03:11 PM

**IN THE CIRCUIT COURT OF THE**
**21ST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| KEVIN RUFO | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.25SL-CC08121 |
| | ) | |
| v. | ) | |
| | ) | |
| WALTER M. BRAUER III | ) | |
| 6810 Riverview Blvd., | ) | |
| Bradenton, FL 34209 | ) | |
| | ) | |
| Defendant. | ) | |

**ALIAS SUMMONS**

**TO:  Walter M. Brauer III**
**6810 Riverview Blvd.**
**Bradenton, FL 34209**


**YOU ARE HEREBY SUMMONED** and required to file an answer to the Complaint in this case, a copy of which is attached hereto, or otherwise file your appearance, in the office of the Circuit Clerk of the Court, St. Louis County Courthouse, St. Louis, Missouri 63101 within 30 days after service of this Summons, whichever date is first, exclusive of the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the Officer:**  This summons must be returned by the officer, private process server, or other person to whom it was given for service with endorsement of service and fees, if any, immediately after service, and not less than three (3) days before the date of appearance. If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than 30 days after its date.

**Date of Service**                                         **Witness:**

_____        _____, Clerk of the Circuit
_____        Court, St. Louis County, Missouri and the
                                                                          seal thereof,

**TO BE INSERTED BY OFFICER ON COPY LEFT**
**WITH DEFENDANT OR OTHER PERSON**
**Plaintiff's Attorneys:**
MillerKing LLC
Dillon M. Borri, #6338745
2410 State Street                                          **Date:**_____
Alton, IL 62002
Office: 618-462-8405

Case Number: 2025-____-_____                                          1 of 3 |
P a g e

Electronically Filed - ST LOUIS COUNTY - August 26, 2025 - 03:11 PM

Facsimile: 618-433-9918

*Dillon@MillerKingLaw.com*

**Deputy Clerk:**_____

## SHERIFF'S FEES

Service and Return……………………………………………………………  $_____

Miles _____ ..…………………………………………………..  $_____

**TOTAL**…………………………………………………..................  $_____

**Sheriff of** _____**County**

**By:** _____, **Deputy**    **Badge No.:**_____

## SHERIFF'S RETURN

**I certify that I served this summons and Complaint on Defendant as follows:**

☐   (Individual – **Personal**):
By leaving a copy with each individual as follows:_____

☐   (Individual – **Abode**):
By leaving a copy at the usual place of abode for each individual with a member of the family, of the age of 13 years or upwards, informing that person of the contents of the Summons, and also by sending a copy of the Summons and the Complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode as follows:

_____

☐   (Corporation):
By leaving a copy with the Registered Agent, officer or agent of the corporation as follows:

_____

☐   (Other Service): _____

☐   (**Unable to Serve**): _____

_____

Name of Defendant/Respondent:_____

Name of Person Summons Given to: _____

Sex:_____        Race:_____        Approx. Age_____

Case Number: 2025-____-_____

Electronically Filed - ST LOUIS COUNTY - August 26, 2025 - 03:11 PM

Place of Service:_____

City, State:_____

Date of Service:_____    Time of Service:_____

Date of Mailing:_____

**Space Left Intentionally Blank**

Case Number: 2025-____-_____                                                          3 of 3 |
P a g e

Electronically Filed - ST LOUIS COUNTY - August 28, 2025 - 11:24 AM

**IN THE CIRCUIT COURT**
**21ST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| KEVIN RUFO | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.25SL-CC08121 |
| | ) | |
| v. | ) | |
| | ) | |
| WALTER M. BRAUER III | ) | |
| 6810 Riverview Blvd., | ) | |
| Bradenton, FL 34209 | ) | |
| | ) | |
| Defendant. | ) | |

### AGREED SUBSTITUTION OF ATTORNEYS

Comes now KEVIN RUFO and represents to this Honorable Court that he desires that The Law Office of Dillon Borri LLC be duly authorized to represent him in the above-entitled cause and to appear for and on his behalf and, further, that The Law Office of Dillon Borri LLC be substituted for Dillon M. Borri of MillerKing LLC, his prior Attorney who has previously made his appearance herein.

DILLON M. BORRI of The Law Office of Dillon Borri LLC hereby enters his appearance as attorney for KEVIN RUFO in the above-entitled cause.

_/s/ Dillon M. Borri_
DILLON M. BORRI, #75167

Law Office of Dillon Borri LLC
1 Design Mesa
Collinsville, IL 62234
Phone: 618-213-2312
dillon@dillonborrilaw.com

I, DILLON M. BORRI, of MillerKing LLC, hereby withdraw my appearance as attorney for KEVIN RUFO, in the above-entitled cause.

_/s/ Dillon M. Borri_
DILLON M. BORRI, #75167



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>HEATHER RENE CUNNINGHAM | **Case Number:  25SL-CC08121** |
| Plaintiff/Petitioner:<br>KEVIN RUFO<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>DILLON MATTHEW BORRI<br>450 TYLER DRIVE<br>TROY, IL  62294 |
| Defendant/Respondent:<br>WALTER BRAUER, III | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp for Return)

**The State of Missouri to**: **WALTER BRAUER, III**
       **Alias:**

**6810 RIVERVIEW BLVD**
**BRADENTON, FL  34209**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 29-JUL-2025 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Electronically Filed - ST LOUIS COUNTY - September 02, 2025 - 02:51 PM

Case Number: 25SL-CC08121

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2. My official title is _____ of _____ County, _____ (state).

3. I have served the above Summons by: (check one)

   ☐ delivering a copy of the summons and petition to the defendant/respondent.

   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

   ☐ (for service on a corporation) delivering a copy of the summons and petition to:

   _____ (name) _____(title).

   ☐ other: _____.

Served at _____ (address)

in _____ (County), _____ (state), on _____(date)

at _____ (time).

_____     _____
Printed Name of Officer or Server                      Signature of Officer or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month), _____ (year).

I am: (check one)  ☐  the clerk of the court of which affiant is an officer.

☐ the judge of the court of which affiant is an officer.

☐ authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

*(Seal)*

☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees**

Summons    $_____

Non Est    $_____

Mileage    $_____ (_____ miles @ $._____ per mile)

**Total**       **$_____**

See the following page for directions to officer making return on service of summons.

Electronically Filed - ST LOUIS COUNTY - September 02, 2025 - 02:51 PM

Electronically Filed - ST LOUIS COUNTY - September 02, 2025 - 02:51 PM

Case Number: 25SL-CC08121

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

Electronically Filed - ST LOUIS COUNTY - September 02, 2025 - 02:51 PM

### THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

### NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

Electronically Filed - ST LOUIS COUNTY - September 02, 2025 - 02:51 PM

Electronically Filed - ST LOUIS COUNTY - September 02, 2025 - 02:51 PM



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.